**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LDRV HOLDINGS CORP.,**

     **Plaintiff,**

**v.**                                                    **Case No.  8:12-cv-1062-T-30TBM**

**CWI, INC.,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant CWI, Inc.'s Motion to Dismiss

Amended Complaint (Dkt. 21) and Plaintiff's Response in opposition (Dkt. 25).  The Court,

having considered the motion, response, and being otherwise advised of the premises,

concludes that the motion should be denied.

## BACKGROUND

Plaintiff LDRV Holdings Corp. ("LDRV") is an assignee of, and successor to, Lazy

Days R.V. Center, Inc. ("Lazy Days"), regarding agreements that were entered into between

Lazy Days and Defendant CWI, Inc., d/b/a Camping World, Inc. ("Camping World").  The

agreements, referred to in the amended complaint as the "Cooperation Agreement" and the

"Marketing Agreement" relate to Lazy Days' and Camping World's related, but

noncompeting RV businesses.  Specifically, Lazy Days is in the business of selling RVs, RV

parts and accessories, warranty service for RVs, and insurance and financing for RV

purchases.  During the time that the parties entered into the agreements, Camping World did

not sell RVs (other than pop-up RVs) and did not compete with Lazy Days regarding non-

pop-up RV sales.

LDRV filed the instant action against Camping World based on LDRV's termination

of the Cooperation Agreement and Marketing Agreement due to Camping World's direct and

indirect competition with Lazy Days with respect to the sale of RVs, Camping World's

alleged breaches of these agreements, and Camping World's alleged misuse of Lazy Days'

customer lists.  Specifically, Counts I and II of the amended complaint seek declaratory

judgments with respect to the termination of the agreements and the parties' remaining

obligations, Count III seeks a permanent injunction requiring Camping World to take certain

actions with respect to Lazy Days' customer lists and proprietary information, Count IV

seeks damages for alleged breaches of the Cooperation Agreement, and Count V asserts a

claim for breach of the implied covenant of good faith and fair dealing.

Camping World now moves to dismiss the amended complaint for lack of standing

and failure to state a claim upon which relief can be granted.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for

failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When

reviewing a motion to dismiss, a court must accept all factual allegations contained in the

complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson*

*v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in

a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

### I.     Camping World's Argument that LDRV Does Not Have Standing

Camping World's initial argument in favor of dismissal is that LDRV does not have standing because it was not a party to the agreements at issue in this case. Camping World argues that both agreements required a party to obtain prior written consent from the other party before assigning the agreements.

LDRV counters that it has alleged that it is the assignee of, and successor to, Lazy Days regarding the agreements as a result of an assignment by Lazy Days in a Delaware bankruptcy proceeding. And that Camping World's attack on the validity of the assignment constitutes a defense, which is an inappropriate basis for dismissing a claim at this stage.

The Court agrees that attacking the validity of the assignment is inappropriate at this stage. Camping World may reassert this argument at the summary judgment stage. Accordingly, this argument in favor of dismissal fails.

**II.      Camping World's Argument that Counts I and II Are "Unnecessary"**

Counts I and II of the amended complaint are declaratory actions regarding the uncertainty of the agreements' termination dates and LDRV's uncertainty with respect to the parties' remaining obligations under the agreements after the termination date.

Camping World argues that these claims are "unnecessary" because it agrees with LDRV to the extent that the Marketing Agreement terminated "immediately" when the Cooperation Agreement was terminated.  Camping World contends that there is not a bona fide dispute on this issue; thus, there is no controversy for the Court's consideration on Counts I and II.

LDRV argues that the issue of the agreements' termination date is only a portion of its declaratory claims.  In addition to seeking a declaratory judgment that both agreements are now terminated, LDRV also seeks a declaration establishing: (1) the effective dates for termination of the agreements; (2) that specific provisions survive termination of the agreements; and (3) that both parties remain bound by the post-termination obligations contained in the agreements.

Camping World's motion is silent with respect to these additional issues.  Thus, the Court agrees with LDRV that Counts I and II are not moot.

Accordingly, this argument in favor of dismissal of Counts I and II fails.

**III.     Camping World's Argument that Count III Fails to State a Claim**

Count III of the amended complaint seeks to enjoin Camping World from misusing Lazy Days' customer lists and proprietary information.  Camping World argues that this

claim fails because LDRV does not allege that it provided customer lists to Camping World. This argument lacks merit. As LDRV points out, the amended complaint is rife with allegations describing Camping World's unlawful actions related to Lazy Days' customer lists. For example, LDRV alleges in paragraph 15 of the amended complaint that, upon information and belief, Camping World, either directly or indirectly through related or affiliated entities, began using, supplying, or divulging Lazy Days' customer lists and information to promote the sale of RVs in direct competition with LDRV. It is axiomatic that if Camping World is alleged to be utilizing Lazy Days' customer lists and information improperly, Camping World must have possession of such lists and information.

In sum, Camping World's argument in favor of dismissal appears to attack the veracity of the allegations, which is inappropriate at this stage. Accordingly, this argument in favor of dismissal of Count III fails.

### IV.     Camping World's Argument that Count V Fails to State a Claim

Count V of the amended complaint asserts a claim for breach of the implied duty of good faith and fair dealing. Camping World argues that this claim must be dismissed because LDRV does not allege any express breaches of the agreements.

Camping World is correct that a cause of action for breach of the implied covenant of good faith and fair dealing "cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached." *Ins. Concepts and Design. Inc. v. Healthplan Servs, Inc.*, 785 So. 2d 1232, 1234-35 (Fla. 4th DCA 2001). Here, however, LDRV asserts numerous allegations of express breaches of the agreements. As LDRV points

out, Count IV (a breach of contract action) references numerous breaches of the Cooperation Agreement, and Count V incorporates these breaches.  *See* paragraphs 51 and 53 of the amended complaint.

Accordingly, Camping World's argument in favor of dismissal of Count V fails.

It is therefore ORDERED AND ADJUDGED that:

1.      CWI, Inc.'s Motion to Dismiss Amended Complaint (Dkt. 21) is DENIED.

2.      CWI, Inc. shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 22, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1062.mtdismiss.frm